### Swope v. Swope

*Jan M. Wiley,* for plaintiff.

MAC PHAIL, P. J., July 14, 1969.—This case presents a somewhat novel problem. The master has

recommended that a decree in divorce be entered and the testimony is sufficient to justify that recommendation.

However, defendant's name in the pleadings appears as Gladys E. Swope. In his testimony, plaintiff said his wife's name was Gladys C. Swope. Plaintiff also testified that his wife's maiden name was Gladys C. Baum. The sheriff's return affixed to the complaint shows that service was made upon Gladys E. Swope at 217 N. Hanover Street, Carlisle, Pa. Notice of the master's hearing was sent to Gladys E. Swope. The return receipt is signed simply "Gladys Swope."

Under such circumstances we cannot enter a decree. Certainly we cannot divorce plaintiff from Gladys E. Swope if his wife's name is Gladys C. Swope. The entry of a judgment must be accurate, even with respect to a middle initial: 26 P. L. Encyc. Names, §1. See also Gill v. Gill, 5 D. & C. 575, and 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §529.

While the master in his report indicates that the discrepancy was detected and an off record discussion took place concerning the matter, all we have before us on the record is an obvious discrepancy. It is true that a simple amendment of the pleadings will correct the error on the face of the record if in fact the defendant's middle initial *is* "C," but we think it is important for there to be additional testimony as to exactly what defendant's middle initial is. Perhaps the marriage certificate will show either the initial or the middle name. If not, plaintiff should be able to testify as to the middle name.

### ORDER

And now, July 14, 1969, the within matter is referred back to the master for further proceedings consistent with the within opinion.